PER CURIAM.
This disciplinary proceeding by The Florida Bar against Michael B. Schulman, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to Florida Bar Integration Rule, article XI, Rule 11.-06(9)(b), the referee’s report and record were duly filed with this Court. No petition for review pursuant to Florida Bar Integration Rule, article XI, Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. At all time mentioned herein, Respondent was a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. Respondent is also a member of the Bar of the State of New York.
3. From sometime in November 1980 to sometime in March 1981, Respondent and his law partner, Mark Kressner, purchased confidential hospital records and accident reports from attorney Charles Smith with the knowledge that said records and reports were confidential records maintained by Smith’s employer, the Federation of Jewish Philanthropies Service Corporation.
4. Respondent and his partner from time to time used the aforesaid hospital records as the source of potential clients.
5. Through an investigator employed by Respondent’s firm, Respondent solicited individuals identified from the confidential records as having potential claims against the Federation’s hospitals and recreational facilities. The investigator contacted those individuals and suggested that Respondent’s firm be retained to prosecute claims against the Federation.
6. Respondent accepted employment, resulting from such solicitation of clients by his investigator, in a wrongful death action involving the Tirado family. In the ensuing litigation, Respondent and his partner were replaced by another attorney at their request.
7. Respondent and his partner failed to report to the proper authorities unprivileged information in their possession relating to the illegal activities of Charles Smith, an attorney admitted to the practice of law in the State of New York.
8. Respondent and his partner discontinued purchasing records from Charles Smith and soliciting potential clients based on information contained in those *1248 records before they became aware that they were the subject of a criminal investigation.
9. Respondent received no fees by reason of any of the aforesaid conduct.
The referee recommends that respondent be found guilty of violation of Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(2), (4) and (5); 1-103(B); and 2-103(B), (C) and (E) and receive a public reprimand.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Michael B. Sehulman, is hereby publicly reprimanded, and the publication of this order and judgment shall constitute a public reprimand.
Judgment for costs in the amount of $300.00 is hereby entered against respondent, for which sum let execution issue. It is so ordered.
ADKINS, A.C.J., and OVERTON, MCDONALD, SHAW and BARKETT, JJ., concur.